IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| THOMAS WARAIR PITTMAN, | * |
| Plaintiff, | * |
| v. | * |
|  | *  Civil No. 24-2448-BAH |
| STATE OF MARYLAND, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Thomas Warair Pittman ("Pittman"), proceeding pro se, brought suit against the "State of Maryland, Washington County Circuit Court" ("Defendant") alleging damages due to a prior state conviction for a misdemeanor being wrongly classified as a felony. *See* ECF 1.[1] Pittman also filed supplemental exhibits. ECF 5. Pending before the Court is Defendant's motion to dismiss (the "Motion"). ECF 12. Pittman filed an opposition, ECF 15, and Defendant filed a reply, ECF 18. The Motion includes a memorandum of law, ECF 12-1, and Pittman's opposition includes exhibits, *see* ECFs 15-1–15-4. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, Defendant's Motion is **GRANTED**.

**I.    BACKGROUND**

Pittman filed the complaint asserting federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332. *See* ECF 1 (complaint form), at 4. Attached to the complaint form is Pittman's "Victim Impact Statement," which details his allegations. *See* ECF 1-1. The Court will treat this

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

statement as a part of Pittman's complaint, which, for purposes of the pending motion, the Court will accept as true and construe in the light most favorable to Pittman. *See Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)).

Pittman alleges that in 1994 he was "mistakenly charged with a felony conviction instead of a misdemeanor conviction" which has "had a profound and enduring impact on his life." ECF 1-1, at 1. Pittman details various employment, educational, and other difficulties he experienced following his release from custody in 1997, which he contends resulted from conviction itself as well as its misclassification. *See id.* at 2–3. He also expresses frustration with the lengthy process of seeking a pardon. *Id.* at 3. After successfully expunging the conviction from his record, he was nonetheless denied employment with the State of Maryland on the basis of his criminal record. *Id.* at 4. It was then, he alleges, that he learned that he was inaccurately classified as previously being convicted of a felony offense due to an apparent error in his commitment records. *Id.* He alleges that "on February 2, 2023, a judge in the Circuit Court for Washington County ruled that [he] was wrongfully convicted of a felony" and ordered that his "commitment record [be] corrected to reflect an original misdemeanor conviction." *Id.* Pittman was subsequently hired to work in the Maryland Department of Juvenile Services ("DJS"), where he remains employed today. *Id.*

Pittman alleges that the misclassification of his conviction "has limited his professional growth, obstructed his pursuit of meaningful employment opportunities, and hindered his ability to provide for his family." *Id.* at 5. Pittman demands "financial compensation of [$]2.6 million and benefits." *Id.*

## II. ANALYSIS

Defendant moves for dismissal of Pittman's complaint pursuant to Eleventh Amendment immunity, Rule 12(b)(1) for lack of subject matter jurisdiction, Rule 12(b)(6) for failure to state a

claim, and because Pittman's claim is time-barred. *See* ECF 12-1, at 4–9. Pittman's opposition addresses Defendant's arguments related to the timing of his filing and, perhaps in an attempt to clarify the legal basis for his claim, mentions that the felony "misclassification resulted in significant violations of the plaintiff's Fourteenth Amendment rights, particularly the right to due process, as well as considerable financial, emotional, and social damage." ECF 15, at 1. Defendant counters that Pittman's failure to respond to its 12(b)(6), 12(b)(1), and immunity arguments concedes that dismissal is warranted. *See* ECF 18, at 2. Since Defendant enjoys immunity under the Eleventh Amendment, the Court declines to address the remainder of the parties' arguments.

Under the Eleventh Amendment to the United States Constitution, a state, as well as its agencies and departments, are immune from suits in federal court absent state consent or Congressional action. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.* (citing *Florida Department of Health v. Florida Nursing Home Assn.*, 450 U.S. 147 (1981) (per curiam)). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in its courts, *see* Md. Code Ann., State Gov't § 12-201(a), it has not waived its immunity to suit in federal court. "A State's constitutional interest in immunity encompasses not merely whether it may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 99 (emphasis in original). Further, "Maryland state courts, like the Circuit Court, are arms of the State, [and] therefore, are immune from suit in federal court." *Friends of Lubavitch v. Baltimore Cnty., Maryland*, 421 F. Supp. 3d 146, 160 (D. Md. 2019) (citing *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30, 35 (2012) (affirming of the lower court's ruling that Maryland Court of Appeals is an entity or instrumentality of the State for purposes of sovereign immunity)). Given that the State of

Maryland (and its courts) are immune from suit under the Eleventh Amendment, Pittman's general grievance against them may not proceed.

To the extent Pittman attempts to bring a tort claim under state law, Maryland has waived sovereign immunity for tort claims brought in state court, but this waiver does not extend to claims brought, as here, in federal court. *See* Md. Code Ann., State Gov't § 12-104(a)(1); *id.* § 12-103 (2) ("This subtitle does not . . . waive any right or defense of the State or its units, officials, or employees in an action in a court of the United States or any other state, including any defense that is available under the 11th Amendment to the United States Constitution"); *see also Halderman*, 465 U.S. at 100 ("[A] State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts.").

This Court is mindful of its obligation to liberally construe self-represented pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore the clear Eleventh Amendment immunity issue that dooms the viability of Pittman's claim in federal court. In reaching this conclusion, the Court does not intend to minimize the difficulties Pittman chronicles in his complaint or to overlook the success Pittman has achieved as an employee of DJS. Nevertheless, dismissal is required under the Eleventh Amendment.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss, ECF 12, is **GRANTED**. A separate implementing order will issue.

Dated: December 19, 2025

/s/
Brendan A. Hurson
United States District Judge